

FILED

SEP 3 0 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 07-28488-D-13L |
| SHAFQUAT SHAH and SAMEENA SHAH, | Docket Control No. SAC-1 |
| Debtors. | Date: September 23, 2008<br>Time: 1:00 p.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

## MEMORANDUM DECISION

On August 22, 2008, the debtors herein, Shafquat Shah and Sameena Shah ("the debtors"), filed a Motion to Avoid the Filing of Liens Pursuant to 11 U.S.C. 522(f)(1)(A),[1] bearing Docket Control No. SAC-1 ("the Motion"), whereby the debtors seek to avoid a lien of the County of Sacramento ("the County") under § 522(f), on the ground that the lien is a judicial lien that impairs an exemption to which the debtors are entitled. The County opposes the motion on the ground that the lien is not a judicial lien, but a statutory tax lien. For the reasons set forth below, the court will grant the Motion.

/ / /

/ / /

---

1. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated after the effective date (October 17, 2005) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).

I.  INTRODUCTION

In their schedules of assets filed in this case, the debtors identified the real property comprising their residence, located at 10350 Cardiff Way, Rancho Cordova, California, valued the property at $185,000, claimed an exemption in the property of $150,000, pursuant to Cal. Civ. Proc. Code § 704.730(a)(3), and identified a deed of trust against the property in favor of Citi Corp. Credit Services, securing a claim in the amount of $42,412.21.

In support of the Motion, the debtors submitted copies of these schedules, along with a copy of a document entitled Abstract of Judgment, recorded with the Sacramento County Recorder on April 28, 2004, at Book 20040428, Page 0158. The abstract of judgment identifies a judgment entered February 4, 2004 in favor of the County against debtor Shafquat Shah in the amount of $530.93.[2]

II.  ANALYSIS

It is undisputed that application of the formula set forth in 11 U.S.C. § 522(f)(2)(A) to these facts yields the conclusion that the County's lien impairs the homestead exemption to which the debtors are entitled. The only question is whether the lien is a judicial lien or a statutory lien. If it is a judicial lien, the debtors can avoid it under § 522(f)(1)(A). If it is a statutory lien, the debtors cannot avoid it, because judicial

---

2. In the abstract of judgment, the debtor's first name is spelled "Shafqat." Both that spelling and the one used in this decision have been used by the debtors' counsel in documents filed in this case, and the court is unsure which is correct. In any event, it is not disputed that the judgment referenced in the abstract is against the debtor in this case.

liens and statutory liens are mutually exclusive (<u>see</u> discussion below), and § 522(f)(1)(A) applies only to the former.  <u>See also</u> § 522(c)(2)(B), which preserves, even as to exempt property, "a tax lien, notice of which is properly filed."

The Bankruptcy Code defines a "judicial lien" as one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."  § 101(36).  A "statutory lien" is defined as one that arises "solely by force of a statute on specified circumstances or conditions, . . . but does not include security interest or judicial lien . . . ."  § 101(53).  Thus, the definitions are mutually exclusive -- a lien is either a judicial lien or a statutory lien; it cannot be both.  <u>See</u> <u>In re Harpole</u>, 260 B.R. 165, 171 (Bankr. D. Mont. 2001), citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 312 (1977).  Tax liens are statutory liens.  <u>Harpole</u>, 260 B.R. at 172, citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 314 (1977).

The key to the determination of the type of lien in this case is to be found in the California Revenue & Taxation Code, which provides various ways in which a taxing agency can obtain a lien on a taxpayer's property.  What is at issue in this case is a <u>personal</u> property tax for which the County is claiming a lien on the debtors' <u>real</u> property.[3]  Under the Revenue & Taxation Code, there are several ways in which the County may obtain a lien on a taxpayer's <u>real</u> property to secure a debt for <u>personal</u> property taxes.

/ / /

---

3. The debtors do not dispute that the debt underlying the lien is a debt for taxes.

First, "a tax on personal property is a lien on any real property on the secured roll also belonging to the owner of the personal property, <u>if</u> the personal property is located upon that real property on the lien date, and <u>if</u> the fact of the lien is shown on the secured roll opposite the description of the real property." Cal. Rev. & Tax. Code § 2189 (emphasis added). The County has submitted no evidence in this case that either of these conditions was met in this case.

Second, a lien may be created by the filing of a certificate with the county recorder. Cal. Rev. & Tax. Code §§ 2189.3 and 2191.3. Under these sections, no judicial action is required; the tax assessor or tax collector simply prepares a certificate which is then filed with the county recorder. As with the § 2189 procedure, the County has submitted no evidence that a certificate of the type provided for in either of these two sections was ever recorded.

Finally, the Revenue & Taxation Code provides for a <u>judicial</u> procedure whereby the taxing agency may obtain a lien on property of the taxpayer. Cal. Rev. & Tax. Code §§ 3003 through 3107. Under these sections, the County may sue the taxpayer (§ 3003), obtain a judgment (§ 3102), and record an abstract of the judgment in the office of the county recorder of any county (§ 3103). "From the time of the recording, the amount of the tax, penalty, and interest set forth constitutes a lien upon all property of the assessee in the county, owned by him or her or afterward, and before the lien expires, acquired by him or her. The lien has the force, effect, and priority of a judgment lien . . . ." Cal. Rev. & Tax. Code § 3103. "Execution shall issue

upon the judgment upon request of the official collecting taxes on the unsecured roll in the same manner as execution may issue upon other judgments . . . ." Cal. Rev. & Tax. Code § 3106.

The court finds that the County's lien in this case is a lien obtained by resort to the judicial system. It appears there were other avenues the County could have pursued to obtain a lien that would not have entailed use of the judicial system. For whatever reason, the County chose not to use those procedures, but instead to file suit in the Sacramento County Superior Court. Through the judicial system, the County obtained a judgment against the debtors and recorded an abstract of that judgment. The recording of that judgment is the act that created the lien. Thus, the lien is a judicial lien, like any other judicial lien. The nature of the debt for which the lien provides security is irrelevant. The important point is how the lien was obtained; in this case, the County's lien was obtained judicially.

The court recognizes that a taxing agency may obtain a tax lien that is a statutory lien without resort to the judicial system, and then later, seek the assistance of the courts to enforce that lien. Such a proceeding does not turn the statutory tax lien into a judicial lien. But that is not what happened here. What happened here is that the lien was <u>created</u> through use of the judicial system, and thus, it is a judicial lien. As such, the debtors may avoid the lien under § 522(f).

The court will issue an appropriate order.

Dated: September __, 2008

/s/ Robert Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge

Case 07-28488    Filed 09/30/08    Doc 61

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Office of the US Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1852

Shafqat and Sameena Shah
10350 Cardiff Way
Rancho Cordova, CA 95670

Scott Coben & Associates
6825 Fair Oaks Blvd., #101
Carmichael, CA 95608

James Wright
County of Sacramento
700 H Street, Suite 2650
Sacramento, CA 95814


DATE:   SEP 3 0 2008

_____
Deputy Clerk